UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE R. RICHARDSON,

    Plaintiff,

  v.

DEPARTMENT OF VETERANS AFFAIRS, et al.,

    Defendants.

CASE NO. C05-1353C

ORDER

This matter comes before the Court on a number of motions and pleadings spawned by the order to show cause dated August 17, 2005. Having considered Plaintiff's subsequent motions and Defendants' responses thereto, the Court will DENY all pending motions and REFER this matter to a magistrate judge for briefing and a report and recommendation.

The tortuous procedural history of this case began on August 3, 2005, when Plaintiff filed his complaint against the Department of Veterans Affairs, among other entities and individuals. Plaintiff alleged that VA personnel engaged in a variety of wrongful acts and sought relief under 42 U.S.C. § 1983 and the Federal Tort Claims Act, among other statutes. (*See* Dkt. No. 1-2.) Upon its initial review of the complaint, the Court *sua sponte* issued an order to show cause why the complaint should not be dismissed for failure to adhere to the pleading requirements of Civil Rules 8 and 12. (Dkt. No. 5.)

ORDER – 1

Plaintiff filed no response to that order by the September 2, 2005 deadline, and accordingly the Court dismissed the case without prejudice. (Dkt. No. 11.) Some three weeks later, Plaintiff filed a motion to vacate the dismissal and judgment, arguing that he had not received notice of the order to show cause in time to respond, and in any case that his complaint properly invoked the Court's jurisdiction and pled viable causes of action. (Dkt. No. 12.) In light of Plaintiff's pro se status and lack of access to email notification, the Court issued a minute order reopening the case and calling for briefing by the government as to the sufficiency of the complaint. The government's brief was due no later than October 31, 2005. (Dkt. No. 13.)

However, because the Clerks Office closed the case after the dismissal order, the government did not receive notice (electronic or otherwise) of the minute order calling for additional briefing. Upon receiving late notice of that minute order, the government filed its papers on November 10, 2005. It argued that the complaint should be dismissed for failing to meet the pleading standards of Rule 8(a) and because the Court lacked jurisdiction under the Veterans' Judicial Review Act and the Federal Tort Claims Act. (Dkt. No. 20.) In yet another service failure, the government mailed Plaintiff's service copies to an incorrect address; it later corrected this error and served Plaintiff at his correct address. (*See* Dkt. No. 22.)

While he waited to hear from the government, Plaintiff filed motions for default judgment and for sanctions against the Assistant United States Attorneys assigned to this matter. Thus, Plaintiff now has three pending motions: a motion to vacate the dismissal (Dkt. No. 12), a motion for default judgment (Dkt. No. 15), and a motion for sanctions (Dkt. No. 25). On December 28, 2005, the Court renoted all three of these motions for joint consideration on January 6, 2006. (Dkt. No. 26.)

The Court need not address the first motion, as the case has been reopened and the dismissal vacated. Plaintiff's motion for default, in turn, misperceives Defendants' obligations as parties to this action. In the ordinary course, the United States and its officers and employees are not required to respond to a summons until sixty days after service. FED. R. CIV. P. 12(a)(3). However, the Court's *sua*

ORDER – 2

*sponte* orders set new briefing and response deadlines that suspended the ordinary response schedule pending Plaintiff's response to the order to show cause. The crux of Plaintiff's motion is that the government did not file a timely response to the Court's October 13 minute order directing additional briefing. Through no fault of its own, the government did not receive notice of that order because the case had been closed and later reopened. In any event, the failure to respond timely to a minute order directing additional briefing is not a basis for granting default for the Plaintiff. The Court granted Plaintiff leave from dismissal because of a service failure; the government is entitled to the commensurate relief.

Finally, Plaintiff's motion for sanctions is utterly devoid of merit. The motion mistakes several rules of civil procedure, and generally rehashes Plaintiff's motion for default judgment. As explained above, there have been a number of service failures arising from the closing and reopening of this case; there has been no showing by any party that material prejudice has resulted from these inconveniences. And there is no basis to find that the Assistant United States Attorneys engaged in any improper conduct.

Under these unusual circumstances, the Court is not inclined to issue a dispositive order based on the present record. Instead, the prudent course is to refer this case to a magistrate judge for full briefing and a report and recommendation. Accordingly, the Court DENIES all pending motions, and REFERS this case to United States Magistrate Judge James P. Donohue for additional proceedings.

SO ORDERED this 23rd day of January, 2006.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 3