UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE R. RICHARDSON, <br><br>Plaintiff, <br><br>v. <br><br>DEPARTMENT OF VETERANS AFFAIRS, et al., <br><br>Defendants. | Case No.: C05-1353-JCC-MJB <br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is proceeding pro se and in forma pauperis in this action against the Department of Veterans Affairs ("VA") and several related entities and individuals. Defendants have filed a motion to dismiss, arguing that the complaint fails to satisfy the requirements of Fed. R. Civ. P. 8 and that the Veterans Judicial Review Act ("VJRA") precludes any claims plaintiff may be attempting to raise. Dkt. No. 29. Plaintiff has filed an untimely and substantively unresponsive opposition to the motion. Dkt. No. 32. Having carefully reviewed the motion, response, and the balance of the record, the Court recommends that defendants' motion to dismiss, (Dkt. No. 29), be GRANTED because plaintiff's claims are too vague and conclusory, and because any claims that he may reasonably be attempting to bring are precluded by the VJRA.

## II. FACTS & PROCEDURAL HISTORY

Although the Court's January 23, 2006, referral order thoroughly summarized

REPORT AND RECOMMENDATION
PAGE - 1

the "tortuous" procedural history of this matter, a brief recitation of that history provides context for the present motion. *See* Dkt. No. 28. On August 3, 2005, plaintiff submitted a complaint naming as defendants the VA and several other related entities and individuals.[1] *See* Dkt. No. 3 ("Complaint"). On August 17, 2005, the Court ordered plaintiff to show cause as to why his complaint should not be dismissed for failure to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure. Dkt. No. 5. Plaintiff failed to respond to the order and the case was dismissed. Dkt. Nos. 10-13. However, because of a series of service mishaps, the Court vacated the dismissal and reopened the case. Dkt. Nos. 10-26. On January 23, 2006, the Court denied all pending motions and referred the case to a magistrate judge. Dkt. No. 28. On January 25, 2006, defendants filed a motion to dismiss, which is the only motion presently under consideration to the undersigned.

## II. ANALYSIS

A.  Motion to Dismiss Standard.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of an action for "failure to state a claim upon which relief can be granted[.] Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* 2 James W. Moore, *Moore's Federal Practice* § 12.34[1][b] (3d ed. 2005). The complaint must therefore "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

---

[1] In addition to the VA, the caption of the complaint also names "VA Puget Sound Healthcare System," the United States, "Robert J. King, Veterans Service Center Manager," "Kristine Arnold, Director of the VA's Regional Office," "W. Middleton, Pension Maintenance Center Manager," and Drs. Gorden Starkybaum and John Wicher, physicians at the Seattle VA hospital. Dkt. No. 3.

REPORT AND RECOMMENDATION
PAGE - 2

A court faced with a motion to dismiss must accept all facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Karam v. City of Burbank,* 352 F.3d 1188, 1192 (9th Cir. 2003) (internal citations omitted). The Court, however, is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). A motion to dismiss should be granted if plaintiff can demonstrate "no set of facts in support of [his] claim which would entitle [his] to relief." *Karam,* 352 F.3d at 1192 (internal citations omitted). These rules apply to complaints brought by pro se plaintiffs, although such pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Gillespie v. Civiletti,* 629 F.2d 637, 640 (9th Cir. 1980) (internal citations omitted).

  B.  <u>The Complaint Fails to Comply With Fed. R. Civ. P. 8</u>.

As an initial matter, the complaint does not clearly indicate who the defendants are. The caption lists eight defendants but, with the exception of the VA, the "Claim" portion of the complaint fails to mention any of them, nor does it describe facts that give rise to cognizable legal claims.[2] The complaint and response also mention a "B. Colvin" in connection with an allegedly erroneous evaluation of his records, but "B. Colvin" was not named as a party in the caption and it is not clear whether he is

---

[2]The complaint also mentions (in passing) other legal terms that could be construed as claims. For instance, in the "Demand for Jury of 12 Jurors [sic]" section, the complaint states that Dr. John Wicher "and other parties associated with his care from 1994 through 2003" sexually abused plaintiff. Complaint at 9. Additionally, in the "Conclusion" section, the complaint suggests plaintiff received negligent medical care at the hands of an unspecified care giver. *Id.* The complaint's reference (in other sections) to the Federal Tort Claims Act and 42 U.S.C. § 1983 suggests that plaintiff is attempting to bring these claims under those provisions. *See id.* at 1, 2. As is discussed below, however, even if these vague and conclusory allegations are sufficient for purposes of Rule 8, they fail to state a claim because they are pre-empted by the Veterans Judicial Review Act of 1988. *See infra* Section C.

REPORT AND RECOMMENDATION
PAGE - 3

intended to be a defendant.  Complaint at 8; Dkt. No. 32 ("Response") at 2, 5.  Hence, it is simply not clear from the pleadings who are the defendants in this case.

The complaint also fails to provide a short and plain description of facts showing that any of the named defendants committed actions or omissions that entitle plaintiff to relief.  Plaintiff's complaint is a hodgepodge of facts strung together in almost no logical order.  For instance, it purports to "reopen[] a first cause of action that began in 1996 asserting sexual abuse . . . and negligence associated with health care providers working under the control of the [Seattle] VA hospital[.]"  Complaint at 3.  It then refers to a "fraudulent cover-up[,]" while other portions of the complaint suggest medical records that may show plaintiff should have been entitled to certain VA benefits were intentionally lost or destroyed.  *Id.* at 5-9.  In the "Demand for Jury of 12 Jurors [sic]" section, plaintiff "demands a jury of 12 to rule on damages associated with the willful destruction of his inner peace by the cited doctors in the heading not only for their negligence in administering a duty of care for their patients but failing to properly administer preventative medicine in a timely manner."  Complaint at 9.  Unfortunately, the complaint fails to connect these vague and conclusory statements in a manner that provides any meaningful exposition of the claims.  *Sprewell*, 266 at 988.

Plaintiff's citations to statutory and case law of questionable relevance shed little light on the nature of his claims.  For instance, the complaint cites to *Gilbert v. Derwinksi* to support the proposition that "The [VA] state [sic] that claim was finalized in 2001 notwithstanding Title 38 § 5107 n34, n45, n68 and n71."  Complaint at 4.  That case name is not available at the provided citation and the case to which the citation leads*, Burton v. Derwinski*, is inapposite; it addresses the applicability of equitable tolling in the context of an untimely appeal.  2 Vet. App. 49 (1992).  Other cited cases similarly fail to shed much light on the precise nature of plaintiff's claims.  As a result, defendants – and the Court– are left to manufacture arguments out of the

REPORT AND RECOMMENDATION
PAGE - 4

pieces provided in the complaint. The complaint fails to provide defendants with fair notice of what plaintiff's claims are and the grounds upon which they rest. While the Court might ordinarily allow plaintiff to amend, close scrutiny of the complaint demonstrates that all reasonable claims contained therein are precluded.

      C. <u>All Claims That May Be Contained in Plaintiff's Complaint Are Precluded</u>.

Even the Court's best efforts to identify a claim out of the disparate facts and law cited in plaintiff's complaint would fail to state a claim upon which relief can be granted. The chief claim the complaint appears to raise is that the VA erroneously denied plaintiff certain VA benefits.[3] Complaint at 4-9. Congress, however has made the VA "the exclusive arbiter of disability benefits decisions."[4] *Rosen v. Walters*, 719 F.2d 1422, 1423, 1425 (9th Cir. 1983) (discussing the predecessor statute to the Veterans Judicial Review Act). "The Veterans Judicial Review Act of 1988 ("VJRA") provides a comprehensive administrative and judicial system or procedure for resolving disputes" between claimants and the VA regarding benefits. *Hicks v. Small*, 842 F. Supp 407, 410 (D. Nev. 1993) *aff'd*, 69 F.3d 967 (9th Cir. 1995). Plaintiff's claim for benefits is therefore precluded by the VJRA. *Rosen*, 719 F.2d at 1423. Moreover, to the extent the complaint can be construed to allege that the VA may have intentionally lost or destroyed his medical records, those claims, too, are precluded.

---

[3]The complaint cites, in bold, sections of Title 38 of the United States Code that relate primarily to the determination of VA benefits. Complaint at 3. Moreover, the only claim that plaintiff's response describes is the VA's alleged mishandling of his medical records and failure to find certain of his impairments service-related. Response at 5. Hence, if the complaint clearly and consistently states any claim, it is a challenge to the VA's determination of benefits.

[4]The Veterans Judicial Review Act provides for a three-tiered judicial review structure. *See Hicks v. Small*, 842 F. Supp 407, 410 (D. Nev. 1993) *aff'd,* 69 F.3d 967 (9th Cir.1995) (internal citations omitted). Benefits are initially decided by the Secretary of Veterans Affairs and may be appealed to the Board of Veterans Affairs. 38 U.S.C. § 7104. Those decisions may then be appealed to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7152. Finally, the decisions of the Court of Appeals for Veterans Claims may be appealed to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.

REPORT AND RECOMMENDATION
PAGE - 5

01  *Id.* at 1424 (observing that such claims indirectly require a determination of VA
02  decisions that are precluded by law).
03        Portions of plaintiff's complaint might also be construed as a *Bivens* action.[5]
04  This cause of action, however, is unavailable because the VJRA provides a
05  "comprehensive, remedial structure" that affords aggrieved veterans "adequate
06  remedial mechanisms for constitutional violations" that may occur in connection with
07  the VA's operations. *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) (internal
08  citations and quotations omitted). Finally, it is possible that plaintiff is attempting to
09  bring an action against Dr. Wicher (and, perhaps others) under the Federal Tort Claims
10  Act. *See supra* n.2. The Court, however, lacks jurisdiction to consider such claims
11  because the VJRA also preempts them. *Id.*

### III. CONCLUSION

Construing plaintiff's complaint in a light most favorable to him, it fails to state a claim upon which relief can be granted because the claims are too vague and conclusory to give the defendants fair notice. Moreover, amendment is inadequate to correct this deficiency because the most generous interpretation of the complaint shows that plaintiff's claims are precluded by the VJRA. Therefore, The Court recommends defendants' motion to dismiss be GRANTED. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of March, 2006.

                                            MONICA J. BENTON
                                            United States Magistrate Judge

---

[5] A private cause of action against federal officials for constitutional torts known as a *Bivens* action is available to plaintiffs in certain circumstances. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 394 (1971). Plaintiff's complaint cites 42 U.S.C. § 1983, presumably in relation to his sexual abuse and negligence claims against various VA employees. This action could therefore be construed as a *Bivens* action.