UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE R. RICHARDSON,

Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, et al.,

Defendants.

CASE NO. C05-1353C

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge Monica J. Benton, recommending that the case be dismissed.  (Dkt. No. 36.) Plaintiff has filed a "motion for reconsideration," which the Court construes as his objections to the R&R. (Dkt. No. 38.)  Defendants have responded (Dkt. No. 39), and Plaintiff has filed a reply (Dkt. No. 40.) Having carefully considered these papers, and finding oral argument unnecessary, the Court finds and orders as follows.

I.    **BACKGROUND**

The Court has detailed the brief but convoluted procedural history of this case in prior orders. (*See* Dkt. No. 28.)  Plaintiff's claims "involve [wrongful conduct by] two Federal Governmental Entities and their employees."  (Dkt. No. 1-2 at 3.)  In fact, a close review of the complaint reveals no actors, allegations, or claims that are not based entirely on Plaintiff's interactions with personnel in the Department of Veterans Affairs ("DVA") dating back to 1991, if not earlier.  (*Id.* 3–10.)  The specific

ORDER – 1

conduct complained of includes denial of veterans benefits, improper prescription of antidepressant medication, sexual abuse by DVA staff, fraudulent notations on Plaintiff's medical records, and fraudulent destruction of medical records. (*Id.*) The complaint also references Plaintiff's efforts to seek compensation through the DVA's administrative processes; to that end, Plaintiff includes exhibits with his reply showing that the Seattle DVA Regional Office denied his request for compensation under 38 U.S.C. § 1151 on March 27, 2006. (Dkt. No. 40, Ex. 1.)

On January 23, 2006, the Court denied all pending motions and referred this matter to a magistrate judge for further proceedings. (Dkt. No. 28.) Following full briefing on Defendants' motion to dismiss, Magistrate Judge Benton issued an R&R on March 15, 2006, finding that Plaintiff's complaint failed to comply with Rule 8(a) by inconsistently identifying which parties were actual defendants and by failing to recite a coherent factual narrative. (R&R 3–4.) Judge Benton further concluded that the court lacked jurisdiction because all of Plaintiff's claims are barred by the Veterans Judicial Review Act of 1988 ("VJRA"), 38 U.S.C. §§ 7521, *et seq.* (*Id.* 5–6.)

## II.   ANALYSIS

Plaintiff's objections to the R&R include (1) a request to enter default judgment based on service mishaps that occurred before removal, and (2) substantive arguments that his claims are not precluded by the VJRA. The Court will address each of these topics in turn. In doing so, the Court undertakes an independent evaluation of the complete record and a *de novo* review of the legal conclusions in the R&R. FED. R. CIV. P. 72(b).

### A.   Procedural Objections

Plaintiff's memoranda have evidenced his apparent confusion regarding the effect of the Court's January 23 referral order. In numerous pleadings since then, Plaintiff has argued that Magistrate Judge Benton should have disregarded the government's motion to dismiss and instead ruled on motions that he

ORDER – 2

filed before the referral.[1]  To be clear, the referral order denied *all* pending motions, including Plaintiff's motion for default (what he calls a "Judgment Summary") (Dkt. No. 15) and his motion for sanctions (Dkt. No. 25).  (*See* Dkt. No. 28 at 2–3.)  Thus, there were no remaining motions to be adjudicated by the magistrate judge after the referral.[2]  If Plaintiff wished to renew any of his procedural arguments, the appropriate step would have been to file a new motion—as the government did in refiling its motion to dismiss under Rule 12(b)(6).  More importantly, Plaintiff has not shown that any procedural missteps before the referral prejudiced him in any way.  Plaintiff's claims will rise or fall solely on the merits of his substantive objections to the R&R, to which the Court turns next.

> B.    *Grounds for Dismissal under Rule 12(b)*

Plaintiff objects to the R&R's conclusion that his complaint fails to state a claim upon which relief can be granted.  Under Rule 12(b)(6), the Court may dismiss the case only if it appears beyond doubt that Plaintiff can prove no set of facts that support his claims and entitles him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974).  The Court must take all factual allegations in the complaint as true, and indulge all reasonable inferences in Plaintiff's favor.  *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  However, conclusory allegations of law will not suffice to defeat a motion to dismiss.  *Id.*; *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

---

[1] Plaintiff also cites Civil Rule 53(a) in an apparent objection to the Court's referral of this matter to a magistrate, as well as Magistrate Judge Benton's authority to issue the R&R. (Obj. 1.)  Plaintiff is directed to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Local Rule MJR 4(a), each of which authorizes magistrate judges to issue a report and recommendation on dispositive motions in civil cases—with or without the parties' consent.  Moreover, because the Court did not appoint Magistrate Judge Benton as a special master, Plaintiff's citation to *Piper v. Hauck*, 532 F.2d 1016 (5th Cir. 1976) is inapposite.

[2] Plaintiff is also mistaken when he argues that the referral order found that "the acts of [opposing] counsel were tortous" [sic] and that the complaint contained "viable causes of action." (Dkt. No. 32 at 6.)  That order contained no such findings; instead, it denied Defendants' original motion to dismiss (Dkt. No. 20) *without* prejudice and without ruling on the substance of that motion.

ORDER – 3

Assuming the truth of Plaintiff's allegations, the Court can discern four distinct categories of claims contained in the complaint and reiterated in Plaintiff's objections to the R&R:

1.  wrongful denial of veterans benefits to which Plaintiff alleges he is entitled under 38 U.S.C. § 1110 (for injuries sustained during service) and § 1151 (for injuries caused by treatment);

2.  intentional torts by DVA personnel in violation of certain state statutes and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679;

3.  medical malpractice and negligence by DVA personnel, for which Plaintiff relies on 38 U.S.C. § 7316; and

4.  deprivations of Plaintiff's constitutional right to due process.

As explained below, these claims are within the exclusive purview of the "comprehensive administrative and judicial system" established by the VJRA. *Hicks v. Small*, 842 F. Supp. 407, 410 (D. Nev. 1993), *aff'd*, 69 F.3d 967 (9th Cir. 1995). Accordingly, each category of claims must be dismissed.

### 1. Denial of Veterans Benefits

The sole method of adjudicating disputes over the provision of veterans benefits is within the framework of the VJRA. *Hicks v. Small*, 842 F. Supp. at 410. Regardless of Plaintiff's entitlement to benefits under 38 U.S.C. §§ 1110 and 1151, his benefits-related claims may be heard only within the VJRA's "three-tiered structure for benefits disputes." *See id.* "In order to exhaust administrative remedies within the VJRA, the plaintiff must file a complaint with the VA, and seek review of the claim, if denied, with the Board of Veterans Appeals, and then with the Court of Veterans Appeals." *Belton v. Wheat*, No. C-95-3311-MMC, 1996 WL 40236 at *5 n.6 (N.D. Cal. Jan. 22, 1996); *see also* 38 U.S.C. § 511(a) (Secretary of Veterans Affairs "shall decide all questions of fact and law" affecting "the provision of benefits by the Secretary to veterans"). Because Plaintiff has not alleged in any pleading that he has completely exhausted his appeals through the VJRA system, the Court has no jurisdiction over his benefits-related claims.

Even if Plaintiff *had* pursued all of his various appeals through the complete VJRA process, the court of last resort under that framework is the United States Court of Appeals for the Federal

ORDER – 4

1  Circuit—not the district courts.  *Hicks*, 842 F. Supp. at 410.  Thus, Plaintiff's benefits-related claims are

2  barred not only by his failure to exhaust his administrative remedies, but also by the vesting of exclusive

3  jurisdiction over such claims in the administrative and judicial venues of the VJRA system.  Whether this

4  fatal flaw is deemed a lack of jurisdiction under Rule 12(b)(1)[3] or a failure to state a claim under Rule

5  12(b)(6), the endgame is that Plaintiff's benefits-related claims must be DISMISSED.

6          *2.*     *Intentional Torts*

7        A plaintiff seeking money damages for intentional torts by federal officials may ordinarily resort to

8  the FTCA, which provides a cause of action in district court for the "wrongful act[s] or omission[s] of

9  any employee of the [federal] Government while acting within the scope of his employment."  28 U.S.C.

10  § 2679(b)(1).  However, in this case Plaintiff's claims are again barred by the VJRA.  *See Hicks*, 842 F.

11  Supp. at 412–13.  Although Plaintiff's intentional-tort claims are not squarely directed to a denial of

12  benefits, the fact that his allegations relate solely to acts by DVA personnel divests this Court of

13  jurisdiction.  *Id.*  Specifically, Plaintiff's claims for intentional (or negligent) alteration or destruction of

14  his military or medical records by DVA personnel are barred by § 511.  *See Hicks*, 842 F. Supp. at 413

15  (citing *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983) and *Quarles v. United States*, 731 F. Supp. 428

16  (D. Kan. 1990)).

17        It is not clear whether Plaintiff has presented these claims to the DVA directly; if he did not do so

18  within two years of the accrual of his cause of action, his claims would be barred by 28 U.S.C. § 2401(b).

19  *See Quarles*, 731 F. Supp. at 432.  Regardless, the Court must again conclude that the comprehensive

20  review system under the VJRA is Plaintiff's sole avenue for relief.  Because his state tort claims are

21  completely preempted by the VJRA, those claims must be DISMISSED for want of jurisdiction.  *Hicks*,

22  ───────────────

23      [3] A district court may consider evidence outside the four corners of the complaint when
   adjudicating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

24  *Inlandboatmens Union of the Pac. v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002).  Thus, the
   Court has taken into account the documents submitted by Plaintiff showing his denial of benefits by the

25  DVA regional office.

26  ORDER – 5

1   69 F.3d at 970.  Similarly, his federal tort claims under the FTCA must be DISMISSED under Rule

2   12(b)(6) because any adjudication of those claims would impinge on the discretion vested in the DVA

3   Secretary by § 511(a).  *See Hicks*, 842 F. Supp. at 414.

4                                   *3.      Medical Negligence and Malpractice*

5            Whether Plaintiff's claims under 38 U.S.C. § 7316(a) are directed to medical malpractice or other

6   forms of negligent conduct by DVA personnel, they fall within the ambit of the VJRA's comprehensive

7   review system.[4]  *See Quarles*, 731 F. Supp. at 431; *see also Wright v. Doe*, 347 F. Supp. 833, (M.D. Fla.

8   1972) (under predecessor statutes, *all* claims for willful or negligent conduct by DVA personnel are

9   encompassed within FTCA and veterans-benefits statutes).  These claims are thus barred by the VJRA

10  under the same principles that apply to his intentional-tort claims.  *Quarles*, 731 F. Supp. at 431; *Hicks*,

11  842 F. Supp. at 413.  Because the Court cannot adjudicate such claims without acting in the discretionary

12  role reserved to the DVA Secretary, Plaintiff's claims must be DISMISSED under Rule 12(b)(6).

13                                  *4.      Constitutional Deprivations*

14           Plaintiff incorrectly relies on 42 U.S.C. § 1983 for his claim that DVA personnel deprived him of

15  due process by wrongfully denying benefits and destroying pertinent medical records.  (Complaint 2–3.)

16  That statute establishes a cause of action for unconstitutional acts by government officials acting under

17  color of *state* law, *see Parks School of Bus. v. Symington*, 51 F.3d 1480, 1485 (9th Cir. 1995); in

18  contrast, Plaintiff's allegations are directed solely at DVA personnel in the context of their duties as

19  *federal* employees.  Accordingly, Plaintiff's constitutional claims must be analyzed under the test

20  established by the Supreme Court in *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

21

22

23  ────────────────────

24        [4] The Court need not reach the issue here, but § 7316 also provides qualified immunity for DVA
    medical personnel who are accused of committing malpractice or negligence in the course of their official
    duties.  *See Surratt v. United States*, 582 F. Supp. 692, 700–01 (N.D. Ill. 1984) (applying predecessor
25  statute to § 7316).

26  ORDER – 6

*Narcotics*, 403 U.S. 388 (1971).  That case created a cause of action for money damages arising from a constitutional deprivation by a federal employee acting in his official capacity.  *Id.* at 396–97.

Plaintiff's claims, however, fall under the exception in *Bivens* applied to misconduct for which Congress has already provided "'comprehensive procedural and substantive provisions giving meaningful remedies.'" *Delaforieititi v. Goff*, No. C-98-1329-FMS, 1998 WL 667855, at *2 (N.D. Cal. Sept. 22, 1998) (quoting *Bush v. Lucas*, 462 U.S. 367, 368 (1983)).  Because Plaintiff may pursue his constitutional claims through the VJRA system to the Federal Circuit, the VJRA provides a comprehensive review system that precludes the Court from exercising jurisdiction.  *Id.* at *3; *accord Hicks*, 69 F.3d at 969.  These claims must therefore be DISMISSED under Rule 12(b)(6).

## III.    CONCLUSION AND ORDER

Through the VJRA, Congress effectively precluded the federal courts from hearing any claims arising from a veteran's interactions with DVA, even those only tenuously related to actual benefits determinations.[5]  *See Hicks*, 842 F. Supp. at 411.  Thus, there are no facts expressed or implied in the complaint upon which the Court could award relief and no grounds justifying leave to amend the complaint under Rule 15.

For the reasons stated above, the Court ADOPTS the conclusion of the R&R, DENIES Plaintiff's objections thereto, GRANTS Defendants' motion to dismiss, and ORDERS that this case be DISMISSED with prejudice.

SO ORDERED this 16th day of May, 2006.

_____

UNITED STATES DISTRICT JUDGE

---

[5] Given the complete preemptive and preclusive effect of the VJRA, the Court need not reach the R&R's legal conclusions regarding the sufficiency of the complaint under Rule 8(a).

ORDER – 7